Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000165
10-OCT-2011
09:21 AM

NO. CAAP-11-0000165

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

BETSY AKIKO MORIOKA,
Plaintiff-Appellee,
v.
KIMBERLY ANN EIKO LEE and DANIEL MORRIS LEE,
Defendants/Cross-Claim Plaintiffs/Appellants,
and
HAWAI'I STATE FEDERAL CREDIT UNION; CITY AND COUNTY OF HONOLULU;
DEPARTMENT OF BUDGET AND FISCAL SERVICES,
Defendants/Cross-Claim Defendants/Appellees,
and
DOE ENTITIES, Defendants

(CIVIL NO. 08-1-0996-05(RAT)

---

KIMBERLY LEE and DANIEL MORRIS LEE, Plaintiffs-Appellants,
v.
BETSY AKIKO MORIOKA, Defendant-Appellee,
and
JOHN DOES 1-10; JANE DOES 1-10, et al., Defendants

(CIVIL NO. 08-1-1280-06(RAT)

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT

ORDER DISMISSING APPEAL FOR LACK OF JURISDICTION
(By: Nakamura, Chief Judge, Foley and Reifurth, JJ.)

Upon review of the record, it appears that we lack
jurisdiction over Defendants/Cross-Claim Plaintiffs/Plaintiffs/

Appellants Kimberly Ann Eiko Lee and Daniel Morris Lee's (the Lee Appellants) appeal from the following two sets of interlocutory orders that the Honorable Rom A. Trader entered:

> (1) an October 29, 2010 "Order Granting in Part and Denying in Part Betsy Morioka's Motion to Dismiss and/or Summary Judgment Filed on July 22, 2010" (the October 29, 2010 order); and
>
> (2) two December 6, 2010 minute orders reflecting the circuit court's oral decisions.

The Lee Appellants attempted to appeal from the October 29, 2010 order pursuant to HRS § 641-1(b) (1993 & Supp. 2010), which authorizes interlocutory appeals under certain circumstances:

> (b) Upon application made within the time provided by the rules of court, an appeal in a civil matter may be allowed by a circuit court in its discretion from an order denying a motion to dismiss or from any interlocutory judgment, order, or decree whenever the circuit court may think the same advisable for the speedy termination of litigation before it. The refusal of the circuit court to allow an appeal from an interlocutory judgment, order, or decree shall not be reviewable by any other court.

(Emphases added). However, Rule 4 of the Hawai'i Rules of Appellate Procedure (HRAP) additionally requires that, "[w]hen a civil appeal is permitted by law, the notice of appeal shall be filed within 30 days after entry of the judgment or appealable order." The Supreme Court of Hawai'i has applied HRAP Rule 4(a)(1) to an interlocutory appeal under HRS § 641-1(b) as follows:

> We have interpreted HRAP Rule 4(a)(1)'s requirement that the notice of interlocutory appeal be filed "within 30 days after the date of entry of the . . . . order appealed from" to mean that . . . [i]t is necessary for a party wanting to take an interlocutory appeal to move for an order allowing the appeal, for the court to enter the order and for the appellant to file the notice of appeal all within 30 days from the filing of the order appealed from, unless the time for appeal is extended pursuant to HRAP Rule 4(a)(5).

State v. Irvine, 88 Hawai'i 404, 406, 967 P.2d 236, 238 (1998) (some emphasis added; citation and block quotation format omitted). "The order appealed from on an interlocutory appeal is not made final, for any purpose, by the allowance of the interlocutory appeal and the time period runs from the entry of the order, not from the allowance of the appeal." King v. Wholesale Produce Dealers Ass'n of Hawaii, 69 Haw. 334, 335, 741 P.2d 721, 722 (1987).[1] Thus, for example, we have held that we did not have jurisdiction over an appeal from an interlocutory order pursuant to HRS § 641-1(b) when "the court did not enter its written order allowing an interlocutory appeal within thirty days of the entry of the order from which Plaintiffs wished to appeal, despite Plaintiffs' prompt motion for such an order." Kohala Agriculture v. Deloitte & Touche, 86 Hawai'i 301, 311, 9494 P.2d 141, 151 (App. 1997). "Therefore, we conclude[d] that Plaintiffs' appeal of the [interlocutory] order was untimely and we [we]re without jurisdiction of that appeal." Id.

In the instant case, the circuit court did not enter the March 10, 2011 "Order Granting Defendants and Plaintiffs' [sic] Kimberly Ann Eiko Lee and Daniel Morris Lee [sic] Motion for Interlocutory Appeal Pursuant to Section 641-1(b), HRS, Filed October 19, 2010" (the March 10, 2011 order granting an HRS

---

[1] With respect to certification of a circuit court's adjudication of one or more but less than all claims for an appeal pursuant to HRCP Rule 54(b), the Supreme Court of Hawai'i has stated that Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 869 P.2d 1334 (1994), overruled King v. Wholesale Produce Dealers Ass'n of Hawaii, 69 Haw. 334, 741 P.2d 721 (1987). Oppenheimer v. AIG Hawaii Ins. Co., 77 Hawai'i 88, 93, 881 P.2d 1234, 1239 (1994). However, the holding in Jenkins "does not appear to disturb the holding in King with respect to HRS § 641-1(b)." Kohala Agriculture v. Deloitte & Touche, 86 Hawai'i 301, 311 n.19, 9494 P.2d 141, 151 n.19 (App. 1997).

§ 641-1(b) interlocutory appeal) within thirty days after entry of the October 29, 2010 order. The thirty-day time period under HRAP Rule 4(a)(1) for filing an interlocutory appeal pursuant to HRS § 641-1(b) began to run upon entry of the October 29, 2010 order. The Lee Appellants did not file their March 18, 2011 notice of appeal within thirty days after entry of the October 29, 2010 order, as HRAP Rule 4(a)(1) required. Therefore, the Lee Appellants' March 18, 2011 notice of appeal is untimely as an interlocutory appeal from the October 29, 2010 order pursuant to HRS § 641-1(b), and we lack appellate jurisdiction to review the October 29, 2010 order pursuant to HRS § 641-1(b).

The Lee Appellants also attempted to appeal from the October 29, 2010 order pursuant to HRS § 641-1(a) (1993 & Supp. 2010). However, under Rule 58 of the Hawai'i Rules of Civil Procedure (HRCP) and the holding in Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994), "an order disposing of a circuit court case is appealable when the order is reduced to a separate judgment." Alford v. City and Count of Honolulu, 109 Hawai'i 14, 20, 122 P.3d 809, 815 (2005) (citation omitted; emphasis added). Consequently, without the entry of a separate judgment, "a party cannot appeal from a circuit court order even though the order may contain [HRCP Rule] 54(b) certification language; the order must be reduced to a judgment and the [HRCP Rule] 54(b) certification language must be contained therein." Oppenheimer v. AIG Hawaii Ins. Co., 77 Hawai'i 88, 93, 881 P.2d 1234, 1239 (1994) (emphasis added). The

circuit court has not entered a <u>separate</u> HRCP Rule 54(b)-certified judgment in this case. Consequently, even though the March 10, 2011 "Order Granting Defendants and Plaintiffs' [sic] Kimberly Ann Eiko Lee and Daniel Morris Lee [sic] Motion for Rule 54(b), HRCP, Certification, Filed October 19, 2010" (the March 10, 2011 HRCP Rule 54(b) certification order) contains the HRCP Rule 54(b) certification language, the March 10, 2011 HRCP Rule 54(b) certification order is not a judgment, nor is the October 29, 2010 order a judgment. Therefore, the March 10, 2011 HRCP Rule 54(b) certification order did not render the October 29, 2010 order an appealable HRCP Rule 54(b)-certified judgment on one or more but less than all claims. If the circuit court reduces its dispositive rulings within the October 29, 2010 order to either a separate HRCP Rule 54(b)-certified judgment on one or more but less than all claims, or a separate HRCP Rule 58 judgment on all claims, then the Lee Appellants could obtain appellate review of the October 29, 2010 order by way of a timely appeal from that appealable judgment, because "[a]n appeal from a final judgment brings up for review all interlocutory orders not appealable directly as of right which deal with issues in the case." <u>Ueoka v Szymanski</u>, 107 Hawai'i 386, 396, 114 P.3d 892, 902 (2005) (citation and internal quotation marks omitted).

Absent an appealable judgment, the January 6, 2011 "Order Granting in Part and Denying in Part Defendants and Plaintiffs' [sic] Kimberly Ann Eiko Lee and Daniel Morris Lee [sic] Motion to Incorporate Court's November 8, 2010 Oral Ruling and Subsequent Order on Betsy Akiko Morioka's Motion to

Reconsider and/or Clarify Order Granting in Part and Denying in Part Betsy Morioka's Motion to Dismiss and/or for Summary Judgment Filed on July 22, 2010, Filed October 11, 2010 with Order Granting Motion for Rule 54(b), HRCP Certification and Interlocutory Appeal Pursuant to Section 641-1(b), HRS, for Purposes of Appeal" (the January 6, 2011 interlocutory order) is also not eligible for appellate review under the holding in Jenkins. Furthermore, the two December 6, 2010 minute orders reflecting the circuit court's oral decisions are not eligible for appellate review because "a minute order is not an appealable order." Abrams v. Cades, Schutte, Fleming & Wright, 88 Hawai'i 319, 321 n.3, 966 P.2d 631, 633 n.3 (1998) (emphasis added); see also KNG Corp. v. Kim, 107 Hawai'i 73, 77, 110 P.3d 397, 401 (2005) (An "oral decision is not an appealable order." ).

Absent a timely appeal from an appealable judgment, we lack jurisdiction over this appeal. Therefore,

IT IS HEREBY ORDERED that appellate court case number CAAP-11-0000165 is dismissed for lack of jurisdiction.

DATED: Honolulu, Hawai'i, October 10, 2011.

Chief Judge

Associate Judge

Associate Judge